**M.A. DEAL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–340–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1982.

Donald Bankston, Houston, for appellant.

Winston Cochran, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ., concur.

JUNELL, Justice.

This is an appeal from a revocation of probation. We have considered Appellant's four grounds of error and find them to be without merit. We affirm the judgment of the trial court.

On June 19, 1979, Appellant was indicted for theft in Cause No. 297,235; on July 18, 1979, Appellant was indicted for forgery in Cause No. 299,473. Appellant entered pleas of guilty to both offenses, and punishment was assessed at 7 years imprisonment in each case. The court placed Appellant on probation subject to the terms and conditions set forth in Tex.Code Crim.Pro.Ann. art. 42.12, § 6 (Vernon Supp.1982). In March of 1980 the State filed motions to revoke probation in each cause and on February 24, 1981, the State filed amended motions to revoke probation in each cause. The amended motions alleged the following violations of the terms of probation: (1) failure to report to probation officer on several designated dates; (2) failure to maintain suitable employment; (3) failure to notify probation officer prior to changing jobs; (4) failure to make monthly restitution payments (being delinquent in the total amount of $1300); (5) failure to pay monthly supervisory fees (being delinquent in the total amount of $195.00); and (6) violation of the penal laws of Texas by committing the offenses of theft of service, resisting arrest, and issuance of a bad check. On May 26, 1981, the trial court held a hearing on the amended motions and revoked Appellant's probation in both causes.

In his third ground of error, Appellant asserts that the evidence was insufficient to show that he had failed to report to his probation officer. Jesse Amaldo, Appellant's probation officer, testified that Appellant did not report on the numerous dates alleged in the amended motion to revoke probation. In addition, Appellant testified on cross examination that he had not reported as required. We overrule Appellant's third ground of error.

In his first ground of error Appellant contends that the trial court erred in allowing into evidence certified copies of records of Appellant's conviction and probation because the State failed to deliver a copy to Appellant a reasonable time prior to trial. Tex.Rev.Civ.Stat.Ann. art. 3731a, § 4 (Vernon 1979) expressly provides for the use of certified copies in these circumstances. Section 3 of that statute provides that such a writing is admissible

[o]nly if the party offering it has delivered a copy thereof, or so much of it as may relate to the controversy, to the adverse party a reasonable time before trial, *unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copy.* [Emphasis added.]

Appellant's argument overlooks the final words of that statute emphasized above. Furthermore, at the hearing Appellant's attorney objected to the introduction of the records only on the grounds that "proper predicate has not been laid and they are not the best evidence in this case." Appellant cannot complain for the first time on appeal on the basis of an objection not raised in the trial court. *Paige v. State,* 573 S.W.2d 16 (Tex.Cr.App.1978). Moreover, even if admission of the documentary evidence was error, it was harmless because introduction of the documents was not necessary. The district court could have taken judicial notice of its own records. *Cannon v. State,* 479 S.W.2d 317 (Tex.Cr.App.1972).

Finally, in his remaining grounds of error Appellant contends that the trial court erred in revoking probation for failure to pay supervisory fees and restitution because (1) Appellant had shown an inability to make such payments and (2) the Texas Constitution does not allow imprisonment for failure to pay a debt. According to Tex.Code Crim.Pro.Ann. art. 42.12, § 8(c) (Vernon Supp.1982),

[i]n a probation revocation hearing in which it is alleged only that the probationer violated the conditions of probation by failing to pay compensation paid to

appointed counsel, probation fees, court costs, restitution, or reparations the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence. The failure to make payment of restitution and supervisory fees was not the only allegation of violation of conditions of probation against Appellant. The court's nunc pro tunc order revoking probation and sentence is based on four additional violations of the court's order setting forth the terms of probation, i.e., failure to report to his probation officer on numerous dates set out in the motion; failure to work faithfully at suitable employment between dates set out in the motion; failure to notify his probation officer prior to changing employment on or about February 27, 1980; and commission of offenses against the laws of Texas, namely theft of service, resisting arrest, and issuance of a bad check. Proof of any one of several alleged violations is sufficient to support an order revoking probation. *Moses v. State*, 590 S.W.2d 469 (Tex. Cr.App.1979). Even if we assume, without deciding, that the trial court erred in this regard as Appellant claims, no reversible error is shown, for the record reveals other adequate grounds which justify the court's revoking Appellant's probation.

In our opinion the trial court did not abuse its discretion in revoking Appellant's probation. We affirm.