NO. 07-02-0281-CR


NO. 07-02-0282-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 7, 2003



______________________________




ELREED WILSON, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NOS. 78432 & 82502; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 Pursuant to plea bargains for possession of a controlled substance in cause number
78432, and for possession of marihuana in cause number 82502, appellant was granted
deferred adjudication and placed on community supervision for five years. Upon the
State's motions to revoke for violations of the conditions of community supervision,
appellant was adjudicated guilty in both causes and punishment was assessed at four
years confinement in the Institutional Division of the Texas Department of Criminal Justice
in cause number 78432, and two years confinement in a state jail facility in cause number
82502. By one point of error, appellant contends the State failed to prove by clear and
convincing evidence that his consent to search his vehicle was freely and voluntarily given. 
Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

 The State contends that pursuant to article 42.12, section 5(b) of the Texas Code
of Criminal Procedure, no appeal may be taken from the trial court's decision to adjudicate
guilt. We agree. Article 42.12, section 5(b) of the Texas Code of Criminal Procedure
expressly denies a defendant the right to appeal from a trial court's determination to
adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v.
State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex.Cr.App. 1992). An appeal of all proceedings after an adjudication of guilt, however,
is not foreclosed by article 42.12, section 5(b) (i.e. assessment of punishment,
pronouncement of sentence). An appeal cannot be had to challenge the sufficiency of the
evidence to support the trial court's adjudication of guilt. Connolly, 983 S.W.2d at 741. 
Thus, because appellant does not present a challenge to any post-adjudication
proceedings, we have no jurisdiction to entertain his complaint challenging the sufficiency
of the evidence. 

 Accordingly, the purported appeals are dismissed for want of jurisdiction.

 Don H. Reavis

 Justice


Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.



ears confinement in the State Jail Division
of the Texas Department of Criminal Justice and fined $5,000; however, the trial court
probated the sentence and placed appellant on community supervision for five years. On
May 6, 2006, the State filed an application to revoke appellant’s community supervision. 
The State then filed an amended application on August 23rd. The amended application
alleged that appellant had committed five violations of his community supervision: (1)
failing to report to his community supervision officer for the months of March, April, May,
June, and July 2006; (2) failing to notify his community supervision officer of a change of
address; (3) using or consuming marihuana while on community supervision; (4) failing to
pay the supervision fees for the months of March, April, May, June, and July 2006; and (5)
failing to complete the Drug Offender Education program. Appellant pleaded “true” to
failure to report to his community supervision officer in July 2006 and to using or
consuming marihuana while on community supervision. After the revocation hearing on
September 12th, the trial court found four of the allegations true, revoked appellant’s
community supervision, reformed the original sentence, and ordered appellant to serve 18
months in the State Jail Division of the Texas Department of Criminal Justice. 
          Appellant filed his notice of appeal contending that the trial court committed
reversible error in finding that appellant had committed the violations alleged by the State
and requested that this Court reinstate his community supervision. 
          A community supervision revocation proceeding is neither a criminal nor a civil trial,
but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873
(Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a
defendant violated the terms of his community supervision. See id. For error to be 
reversible, when related to non-constitutional issues, the trial court must commit an error
that affects appellant’s substantial rights which cannot be disregarded. Tex. R. App. P.
44.2(b). In an order revoking community supervision, our review is limited to determining
whether the trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492, 493
(Tex.Crim.App. 1984). In a community supervision revocation hearing, an abuse of
discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that
zone within which reasonable persons might disagree. See Brumbalow v. State, 933
S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref’d). The evidence is viewed in the light
most favorable to the trial court's order. Johnson v. State, 943 S.W.2d 83, 85
(Tex.App.–Houston [1st Dist.]1997, no pet.). See also Garrett v. State, 619 S.W.2d 172,
174 (Tex.Crim.App. [Panel Op.] 1972). A plea of true, standing alone, is sufficient to
support a revocation order. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel
Op.] 1979). 
          In this case, appellant pled true to using marihuana while on community supervision. 
Although appellant complains that no evidence was presented at the revocation hearing,
his plea of true is sufficient for the trial court to have found this allegation true. Id. 
Therefore, we conclude that the trial court did not commit any error in finding that appellant
had violated his community supervision by using marihuana. As to the other violations
found to be true by the trial court, even were we to assume that appellant is correct that
the trial court should not have found the other alleged violations true, no reversible error
is shown because the trial court was justified in revoking appellant’s community supervision
on the basis of the single violation relating to the use of marihuana. See Deal v. State, 640
S.W.2d 664, (Tex.App.–Houston [14th Dist.] 1982, no pet.). See also Hodges v. State, No.
12-02-00136-CR, 2003 WL 21544212, at *1 (Tex.App.–Tyler July 9, 2003, pet. ref’d)
(mem. op., not designated for publication). Since the trial court could have revoke
appellant’s probation based solely on his admission of using marihuana while on
community supervision, we conclude that the trial court did not abuse its discretion in
revoking appellant’s probation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App.
1980). Therefore, we conclude that the trial court did not commit reversible error in finding
any of the remaining violations true. 
Conclusion
          For the foregoing reasons, we affirm the trial court’s revocation of appellant’s
community supervision.  
 
                                                                           Mackey K. Hancock

                                      Justice

 
 
Do not publish.