NO. 12-02-00136-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAVID DUANE HODGES,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant David Duane Hodges appeals from his theft conviction. After revoking
Appellant's deferred adjudication community supervision, the trial court assessed punishment at
seven and one-half years of confinement and restitution in the amount of $48,734.00. In a single
issue, Appellant asserts the judgment is void. We affirm.

 On June 6, 2001, Appellant was placed on deferred adjudication community supervision after
District Judge Cynthia Kent found the evidence sufficient to support a finding of guilt for third
degree felony theft. Less than a year later, the State filed an application to proceed to final
adjudication. A hearing was held on April 1 and 2, 2001, before visiting Judge Harold Clapp. Judge
Clapp found that Appellant violated the terms of his probation and granted the State's application
to proceed to final adjudication. After a punishment hearing, Judge Clapp pronounced Appellant's
sentence in open court. The final judgment was signed by Judge Kent.

 In his sole issue, Appellant contends the judgment is void because it was signed by a judge
who did not hear the evidence. He asserts that Judge Kent had no contact or guidance from Judge
Clapp. He also argues that Judge Kent included findings in the judgment that are contrary to or at
variance with Judge Clapp's findings.

 It is not always necessary for the judge who presides over the trial to actually sign the
judgment. The duly elected judge of the trial court may sign any written judgment in a trial which
was presided over by a properly assigned visiting judge who orally pronounced judgment. 
Sparkman v. State, 997 S.W.2d 660, 664 (Tex. App.-Texarkana 1999, no pet.). Judge Kent is the
duly elected judge of the 114th District Court in Smith County. Judge Clapp was properly assigned
as a visiting judge in the 114th District Court. Therefore, it was not improper for Judge Kent to sign
the judgment after Judge Clapp presided over the trial and pronounced the sentence. Id. 

 Neither do the recitations in the judgment make it void. One of the conditions of Appellant's
probation required him to provide a copy of the conditions of probation to a family member or
relative of any individual over the age of 75 for whom he did contract work. Judge Clapp found that
Appellant had failed to provide Ruth Kinel, an individual over the age of 75 for whom he did
contract work, with a copy of the conditions of probation. The judgment properly cites violation of
this condition as a ground for revocation. 

 The judgment also states that Appellant's failure to pay restitution as ordered is a ground for
revocation. Judge Clapp did not comment on this alleged ground for revocation. Even assuming
this finding was erroneously included in the judgment, no reversible error is shown because the
record supports an adequate ground to justify the revocation. See Deal v. State, 640 S.W.2d 664,
666 (Tex. App.-Houston [14th Dist.] 1982, no pet.) (Proof of any one of several alleged violations
is sufficient to support order revoking probation even if defendant had affirmative defense to failure
to pay restitution and supervisory fees.). Violation of only one condition of probation is sufficient
to warrant revocation. Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978).
Accordingly, erroneous inclusion of another ground for revocation does not cause the judgment to
be void. We overrule Appellant's sole issue.

 We affirm the trial court's judgment.

 SAM GRIFFITH 

 Justice

Opinion delivered July 9, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

(DO NOT PUBLISH)