NO. 07-06-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 10, 2008
_____

RICHARD LEE WILLIAMS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 114-2003-03; HONORABLE CYNTHIA KENT, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____MEMORANDUM OPINION

Appellant, Richard Lee Williams, Jr., appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for Possession of Marihuana. We affirm.

Appellant pled guilty to the offense of possession of marihuana, state jail felony, on February 25, 2004 and was sentenced to two years confinement in the State Jail Division of the Texas Department of Criminal Justice and fined $5,000; however, the trial court probated the sentence and placed appellant on community supervision for five years. On

May 6, 2006, the State filed an application to revoke appellant's community supervision. The State then filed an amended application on August 23rd. The amended application alleged that appellant had committed five violations of his community supervision: (1) failing to report to his community supervision officer for the months of March, April, May, June, and July 2006; (2) failing to notify his community supervision officer of a change of address; (3) using or consuming marihuana while on community supervision; (4) failing to pay the supervision fees for the months of March, April, May, June, and July 2006; and (5) failing to complete the Drug Offender Education program. Appellant pleaded "true" to failure to report to his community supervision officer in July 2006 and to using or consuming marihuana while on community supervision. After the revocation hearing on September 12th, the trial court found four of the allegations true, revoked appellant's community supervision, reformed the original sentence, and ordered appellant to serve 18 months in the State Jail Division of the Texas Department of Criminal Justice.

Appellant filed his notice of appeal contending that the trial court committed reversible error in finding that appellant had committed the violations alleged by the State and requested that this Court reinstate his community supervision.

A community supervision revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. See id. For error to be reversible, when related to non-constitutional issues, the trial court must commit an error that affects appellant's substantial rights which cannot be disregarded. TEX. R. APP. P.

2

44.2(b). In an order revoking community supervision, our review is limited to determining whether the trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In a community supervision revocation hearing, an abuse of discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. See Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref'd). The evidence is viewed in the light most favorable to the trial court's order. Johnson v. State, 943 S.W.2d 83, 85 (Tex.App.–Houston [1st Dist.]1997, no pet.). See also Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1972). A plea of true, standing alone, is sufficient to support a revocation order. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979).

In this case, appellant pled true to using marihuana while on community supervision. Although appellant complains that no evidence was presented at the revocation hearing, his plea of true is sufficient for the trial court to have found this allegation true. Id. Therefore, we conclude that the trial court did not commit any error in finding that appellant had violated his community supervision by using marihuana. As to the other violations found to be true by the trial court, even were we to assume that appellant is correct that the trial court should not have found the other alleged violations true, no reversible error is shown because the trial court was justified in revoking appellant's community supervision on the basis of the single violation relating to the use of marihuana. See Deal v. State, 640 S.W.2d 664, (Tex.App.–Houston [14th Dist.] 1982, no pet.). See also Hodges v. State, No. 12-02-00136-CR, 2003 WL 21544212, at *1 (Tex.App.–Tyler July 9, 2003, pet. ref'd)

3

(mem. op., not designated for publication). Since the trial court could have revoke appellant's probation based solely on his admission of using marihuana while on community supervision, we conclude that the trial court did not abuse its discretion in revoking appellant's probation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). Therefore, we conclude that the trial court did not commit reversible error in finding any of the remaining violations true.

## Conclusion

For the foregoing reasons, we affirm the trial court's revocation of appellant's community supervision.

Mackey K. Hancock
Justice

Do not publish.