NO. 07-06-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 10, 2008
                                       ______________________________

RICHARD LEE WILLIAMS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 114-2003-03; HONORABLE CYNTHIA KENT, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Richard Lee Williams, Jr., appeals from a judgment revoking community
supervision and imposing sentence pursuant to a conviction for Possession of Marihuana. 
We affirm.
          Appellant pled guilty to the offense of possession of marihuana, state jail felony, on
February 25, 2004 and was sentenced to two years confinement in the State Jail Division
of the Texas Department of Criminal Justice and fined $5,000; however, the trial court
probated the sentence and placed appellant on community supervision for five years. On
May 6, 2006, the State filed an application to revoke appellant’s community supervision. 
The State then filed an amended application on August 23rd. The amended application
alleged that appellant had committed five violations of his community supervision: (1)
failing to report to his community supervision officer for the months of March, April, May,
June, and July 2006; (2) failing to notify his community supervision officer of a change of
address; (3) using or consuming marihuana while on community supervision; (4) failing to
pay the supervision fees for the months of March, April, May, June, and July 2006; and (5)
failing to complete the Drug Offender Education program. Appellant pleaded “true” to
failure to report to his community supervision officer in July 2006 and to using or
consuming marihuana while on community supervision. After the revocation hearing on
September 12th, the trial court found four of the allegations true, revoked appellant’s
community supervision, reformed the original sentence, and ordered appellant to serve 18
months in the State Jail Division of the Texas Department of Criminal Justice. 
          Appellant filed his notice of appeal contending that the trial court committed
reversible error in finding that appellant had committed the violations alleged by the State
and requested that this Court reinstate his community supervision. 
          A community supervision revocation proceeding is neither a criminal nor a civil trial,
but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873
(Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a
defendant violated the terms of his community supervision. See id. For error to be 
reversible, when related to non-constitutional issues, the trial court must commit an error
that affects appellant’s substantial rights which cannot be disregarded. Tex. R. App. P.
44.2(b). In an order revoking community supervision, our review is limited to determining
whether the trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492, 493
(Tex.Crim.App. 1984). In a community supervision revocation hearing, an abuse of
discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that
zone within which reasonable persons might disagree. See Brumbalow v. State, 933
S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref’d). The evidence is viewed in the light
most favorable to the trial court's order. Johnson v. State, 943 S.W.2d 83, 85
(Tex.App.–Houston [1st Dist.]1997, no pet.). See also Garrett v. State, 619 S.W.2d 172,
174 (Tex.Crim.App. [Panel Op.] 1972). A plea of true, standing alone, is sufficient to
support a revocation order. Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel
Op.] 1979). 
          In this case, appellant pled true to using marihuana while on community supervision. 
Although appellant complains that no evidence was presented at the revocation hearing,
his plea of true is sufficient for the trial court to have found this allegation true. Id. 
Therefore, we conclude that the trial court did not commit any error in finding that appellant
had violated his community supervision by using marihuana. As to the other violations
found to be true by the trial court, even were we to assume that appellant is correct that
the trial court should not have found the other alleged violations true, no reversible error
is shown because the trial court was justified in revoking appellant’s community supervision
on the basis of the single violation relating to the use of marihuana. See Deal v. State, 640
S.W.2d 664, (Tex.App.–Houston [14th Dist.] 1982, no pet.). See also Hodges v. State, No.
12-02-00136-CR, 2003 WL 21544212, at *1 (Tex.App.–Tyler July 9, 2003, pet. ref’d)
(mem. op., not designated for publication). Since the trial court could have revoke
appellant’s probation based solely on his admission of using marihuana while on
community supervision, we conclude that the trial court did not abuse its discretion in
revoking appellant’s probation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App.
1980). Therefore, we conclude that the trial court did not commit reversible error in finding
any of the remaining violations true. 
Conclusion
          For the foregoing reasons, we affirm the trial court’s revocation of appellant’s
community supervision.  
 
                                                                           Mackey K. Hancock

                                      Justice

 
 
Do not publish. 



jury had found appellant guilty of the primary offense and heard the
evidence regarding punishment, there was another outburst of profanity aimed at the
State’s attorney. After the State finished final arguments and as appellant’s counsel was
beginning, appellant interrupted the proceedings again with a profanity-laced outburst. At
this time, the trial court had the jury removed to the jury room, however, appellant
continued his tirade and eventually the judge had appellant removed from the courtroom
and taken into the judge’s chambers by the courtroom deputies. Appellant’s trial counsel
moved for a mistrial and the court denied the request. After about 10 minutes, appellant
was returned to the courtroom and entered into a discussion with the trial judge about
appellant’s grievances. Appellant was concerned about getting copies of certain
documents his counsel possessed. The trial court ordered that appellant be given the
documents and appellant then agreed that he would not interrupt the proceedings again. 
The record reflects that trial counsel finished his closing arguments and there were no
more disturbances.
          The jury found that the enhancement paragraphs of the indictment were true and
sentenced appellant to confinement for 35 years in the ID-TDCJ. Appellant appeals the
judgment of conviction contending that the trial court: 1) failed to follow the procedures of
the law to determine appellant’s competency to stand trial; 2) abused its discretion in
denying appellant’s trial request to be examined; and 3) abused its discretion in denying
appellant’s motion for a mistrial. Disagreeing with appellant’s contentions, we affirm.
Competency
          Appellant’s first two issues deal with the question of the competency of appellant
to stand trial. By his first issue, appellant contends that the trial court did not follow the
procedures for determining the competency of appellant as outlined in Chapter 46B of the
Texas Code of Criminal Procedure. See Ch. 46B. In his second issue, appellant 
contends that the trial court abused its discretion by denying appellant’s request at trial to
be examined by an expert to determine whether or not appellant was competent to stand
trial. In reviewing appellant’s second contention, it is unclear whether or not he contends
that the trial court failed to grant an examination, as a preliminary matter to determining
whether or not appellant was competent, or failed to hold a separate jury hearing to
determine appellant’s competency. We will address both contentions. 
          We begin with the standard of review. A trial court’s decision to deny a request for
a competency examination is governed by an abuse of discretion standard of review. See
Bigby v. State, 892 S.W.2d 864, 885 (Tex.Crim.App. 1994). Likewise, the decision of a
trial court to deny a competency hearing is also reviewed pursuant to an abuse of
discretion standard. See Moore v. State, 999 S.W.2d 385, 393 (Tex.Crim.App. 1999). A
trial court abuses its discretion when it acts without reference to any guiding rules or
principles. See Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005). 
          A criminal defendant is presumed to be competent. See art. 46B.003(b). 
Additionally, the statute provides:
(a) A person is incompetent to stand trial if the person does not have:
(1) sufficient present ability to consult with the person’s lawyer with a
reasonable degree of rational understanding; or
(2) a rational as well as factual understanding of the proceedings against
him.
 
See art. 46B.003(a). The statute further provides that either party may suggest by motion,
or the trial court may suggest on its own motion, that the defendant may be incompetent
to stand trial. See art. 46B.004(a). If the trial court has a bona fide doubt about the
competency of the defendant, it shall conduct an informal inquiry to determine if there is
evidence that would support a finding of incompetency. See Montoya v. State, 291 S.W.3d
420, 425 (Tex.Crim.App. 2009). 
          When we apply the above principles to the fact situation presented here, we are
able to see that the trial court was furnished a motion by trial counsel suggesting that
appellant was incompetent. Based upon this motion, the trial court concluded its informal
review of the issue by ordering that appellant be examined by an expert. This is reflected
in the orders found in the clerk’s record. The examination of appellant was concluded and
the expert reported that, although appellant had some mental illness, he was, in fact,
competent to stand trial. The examining psychologist, Dr. Schneider, so testified during
the trial of appellant. Dr. Schneider’s testimony at trial reflects that appellant was able to
understand the nature of the charges against him and was able to communicate with his
attorney about those charges. However, appellant seems to contend that, based upon the
profanity-laced tirades of appellant at the time of trial, the court should have acceded to
trial counsel’s request to again have appellant examined. As pointed out by the Texas
Court of Criminal Appeals, if unruly and disruptive courtroom demeanor is probative of
incompetence to stand trial, “one could effectively avoid criminal justice through immature
behavior.” See Moore, 999 S.W.2d at 395. Even if we could agree with appellant
regarding that issue, that is not the standard by which we must determine whether the trial
court’s action in denying the request was an abuse of discretion. See State v. Herndon,
215 S.W.3d 901, 907-08 (Tex.Crim.App. 2007) (holding that it “is not whether, in the
opinion of the reviewing court, the facts present an appropriate case for the trial court’s
action; rather, it is a question of whether the trial court acted without reference to any
guiding rules or principles, and the mere fact that a trial court may decide a matter within
its discretionary authority differently than an appellate court does not demonstrate such an
abuse.”) In the case presented to this court, the trial court’s actions were not an abuse of
discretion. 
          If appellant’s contention was that the trial court abused its discretion by not
empaneling a jury to determine appellant’s competency, we are faced with a record that
demonstrates that appellant had been found to be competent by an expert. While the
outbursts of appellant did, in fact, go well beyond civility, they were not such as to suggest
that the trial court abused its discretion by ordering the trial to continue. In the final
analysis, appellant’s conduct did nothing to counter the opinion of the examining
psychologist. Accordingly, the trial court did not abuse its discretion in continuing the trial. 
Moore, 999 S.W.2d at 393.
          Because we have determined that the trial court’s actions followed the statutory
scheme of the Texas Code of Criminal Procedure and that the actions of the trial court
were not an abuse of discretion, we overrule appellant’s first two contentions.
Motion for Mistrial
          By his third issue, appellant contends that the trial court abused its discretion by not
granting the motion for mistrial urged, after appellant’s outburst in front of the jury, during
the punishment hearing. At the conclusion of the State’s opening argument of the
punishment phase, appellant attempted to interrupt the State’s attorney. After that was
unsuccessful, appellant continued a profanity-laced statement directed at his own counsel. 
After appellant made about three profane statements directed at his counsel, counsel
asked that the jury be excused. The trial court promptly requested the jury to go to the jury
room and trial counsel attempted to calm down appellant. After about four more
statements from appellant, the trial court had appellant taken from the courtroom. At this
time, trial counsel moved for a mistrial. The trial court overruled the motion and had
appellant brought back to the courtroom after a 10 minute recess. Upon returning to the
courtroom, the trial court visited with appellant about the reason for the outburst and
determined that appellant was upset because he wanted copies of some documents that
were on counsel’s table. When he was assured he would get the copies he requested,
appellant stated he would be quiet during the balance of the argument. The record reflects
he was quiet during the balance of the case. 
          A mistrial is an extreme remedy that is reserved for a very narrow classification of
circumstances involving highly prejudicial and incurable errors. See Ocon v. State, 284
S.W.3d 880, 884 (Tex.Crim.App. 2009). A mistrial is used to halt proceedings when the
error involved makes the expenditure of further time and expense wasteful and futile. Id. 
The decision to grant a mistrial is governed by the particular facts of the case. Id. A trial
court’s decision to deny a motion for mistrial is reviewed under an abuse of discretion
standard. Id. The denial of the motion for mistrial must be upheld if it was within the zone
of reasonable disagreement. Id. 
          Our review of the record does not lead to the conclusion that the trial court abused
its discretion in denying the motion for mistrial. When we review the action of the trial court,
we note that the total duration of appellant’s outburst in front of the jury took less than 20
lines of the reporter’s record. Further, after appellant was furnished the copies he
requested, appellant did not have any further outbursts. Appellant was indicted for burglary
of a habitation and there were no allegations that appellant had been personally violent
with anyone involved. Under these circumstances, we do not find that the denial of the
motion for mistrial denied appellant a fair trial. This is not the type of circumstance that
should lead a trial court to conclude that finishing the trial would be a wasteful and futile
effort. Id. Accordingly, appellant’s issue regarding the denial of the motion for mistrial is
overruled.
Conclusion
          Having overruled appellant’s issues, the judgment of the trial court is affirmed. 
 
                                                                           Mackey K. Hancock

                                                                                    Justice



Do not publish.