Randall JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–01532–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1997.

Richard W.B. "Rick" Davis, Bryan, for appellant.

Bill Turner, Brazos, Stephen Keathley, Bryan, for appellee.

Before SCHNEIDER, C.J., and BASS and MIRABAL, JJ.

## OPINION

BASS, Justice.*

The appellant, Randall Johnson, appeals from an order revoking his probation. We affirm.

---

* The Honorable Sam Bass, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The charged offense occurred on July 31, 1992.

In February 1993, the appellant pled guilty to the felony offense of delivery of a controlled substance.[1] In March 1993, the trial court assessed punishment at 10 years confinement; however, the court suspended the sentence and placed the appellant on probation for 10 years. In addition, the appellant was assessed a fine of $750. The trial court set the following relevant terms and conditions for probation:

(1) Commit no offense against the laws of this State or of the United States;

(9) Pay a $750 fine, $147 restitution, and $82.50 in court costs—all to be paid in monthly installments of $50;

(10) Pay a monthly $40 probation fee; and

(20) Perform 200 hours of community service at the rate of eight hours per month.

In January 1995, the State moved to revoke the appellant's probation. The State alleged (1) on or about December 19, 1994, in Harris County, Texas, the appellant intentionally and knowingly caused bodily injury to Mellody Carol Tate by striking her in the head with his hand; (2) the appellant did not pay his $50 monthly installment for the fine, restitution, and court costs for the months of May 1993, through December 1994; (3) the appellant did not pay his $40 monthly probation fee for the months of May 1993, through January 1995; and (4) the appellant did not perform his community service as directed.

In June 1995, the State filed a motion for continuance because Ms. Tate, the State's key witness, was unavailable for the revocation hearing. The court granted it, and the case was reset.

In July 1995, the appellant was tried for misdemeanor assault in cause number 9512871. A jury found him guilty, and on July 10, 1995, the court in that case sentenced him to 60 days confinement.

In September 1995, after a revocation hearing, the trial court found that the appellant had violated his probation by committing the offense of assault against Ms. Tate in Harris County, Texas.[2] The court revoked

---

2. The trial court declined to find that the appellant had violated his probation as to the payment of his fees or as to the performance of his community service.

his probation and sentenced him to five years confinement. The appellant filed a motion for new trial the day after the hearing alleging the evidence was factually insufficient to support the court's finding.[3] The appellant now appeals on the grounds that (1) there was insufficient evidence to support the finding that the appellant committed the offense alleged in the motion to revoke probation; (2) the trial court erred in relying on the judgment convicting the appellant of that offense as a basis for revocation because the appellant involuntarily waived his right to appeal that conviction; and (3) the trial court was equitably estopped from revoking the appellant's probation because the appellant did not pursue his appeal in that case in reliance upon the probation department's misrepresentations.

## Applicable Law

The State must prove by a preponderance of the evidence that the probationer violated the terms and conditions of his probation. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim.App.1983); *Smith v. State*, 790 S.W.2d 366, 367 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation as the State alleged. *Jenkins*, 740 S.W.2d at 437 (citing *Martin v. State*, 623 S.W.2d 391, 393 n. 5 (Tex.Crim.App.1981)). In a probation revocation hearing, the trial judge is the sole trier of the facts. *Jones v. State*, 787 S.W.2d 96, 97 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). The trial judge also determines the credibility of the witnesses and the weight to be given to their testimony. *Id.*

Appellate review of an order revoking probation is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex.Crim.App. 1984). We must examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App.1981) (citing *Fernandez v. State*, 564 S.W.2d 771 (Tex.Crim.App.1978)); *Galvan v. State*, 846 S.W.2d 161, 162 (Tex.App.—

Houston [1st Dist.] 1993, no pet.); *Jones v. State*, 787 S.W.2d at 97.

■ Although conceding that the proper standard of review on appeal from a revocation proceeding is abuse of discretion, the appellant nevertheless urges us to conduct a factual sufficiency analysis in light of the standard set forth in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). In that case, the Court of Criminal Appeals held that the proper standard of review for factual sufficiency of the evidence to prove the elements of an offense is as follows:

> The court of appeals views all the evidence *without the prism of "in the light most favorable to the prosecution"* ... [and] set[s] aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

*Clewis*, 922 S.W.2d at 129 (citing *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)) (emphasis added). The appellant's reliance on *Clewis* in the context of this case is misplaced. First, the appellant in *Clewis* was not appealing from an order revoking probation. Second, adopting a different standard of review on an appeal from a revocation order would directly conflict with the holding in *Garrett* and its progeny. Therefore, we will examine the evidence in the light most favorable to the trial court's order revoking probation. Any other type of review would effectively attenuate the trial judge's discretion. *See Brumbalow v. State*, 933 S.W.2d 298 (Tex. App.—Waco, 1996, no pet. h.) (not yet reported) (declining to extend the *Clewis* standard to ancillary rulings).

## The Assault

■ To revoke probation, the State must prove, by preponderance of the evidence, every element of the offense that is the basis for the revocation. *Jones*, 787 S.W.2d at 97. In his first point of error, the appellant argues that there is insufficient evidence to

---

**3.** The motion for new trial was overruled by    operation of law on November 10, 1995.

support the trial court's finding that he committed an assault.[4] We disagree.

Mellody Tate, the appellant's estranged wife, testified that on the night of December 19, 1994, the appellant came home, woke her up, pulled her up by her night shirt, and began to argue with her about not making it home in time for him to go to work. He then slapped her very hard, tried to force himself on her, choked her with one hand, and accused her of cheating on him. She further testified that he called her a "bitch" and threatened to kill her. After the altercation ended, she waited for him to go to sleep. When he did, she went to work, where she called the police. Later that morning, she went to the hospital, where she was given pain medication and told to apply hot and cold compresses. She felt pain on her face, throat, back, and head. In addition, she had a bruise on her right cheek as well as a swollen mouth. She also went to the Family Violence Center and the district attorney's office in Houston that morning. She stayed with a friend for a week and then took her children with her to Fort Worth. At the appellant's trial for the misdemeanor assault, she testified that he had slapped her about 20 times.

The appellant testified that on December 19, 1994, after he told Ms. Tate he wanted a divorce, she told him she loved him and did not want a divorce. She started to hit him, scratch his arm, and kick him in the groin. He admitted that he pushed her down on the bed.

The appellant also testified about a previous altercation that they had had at Ms. Tate's work place. He was ready to go so he "put her in the car." When they got home, she tried to leave the house and he kept pushing her down on the couch. After having been told of the incident at Ms. Tate's work place, the sheriff's department arrived at their home. After this incident, Ms. Tate obtained a temporary protective order against the appellant which she later dismissed.

The testimony of the appellant and Ms. Tate is sufficient for the trial judge—as the sole judge of the credibility of the witnesses—to have found by the preponderance of the evidence that the appellant violated his probation by committing an assault against Ms. Tate on December 19, 1994. Thus, the trial court did not abuse its discretion in revoking the appellant's probation on the ground that he violated the law.

We overrule point of error one.

## The Conviction

■ In two other points of error, the appellant argues the trial court erred in relying on the judgment convicting the appellant of assault as a basis for revoking his probation. Specifically, the appellant argues that (1) he involuntarily waived his right to appeal that conviction and (2) the trial court was equitably estopped from relying on the conviction because the appellant did not appeal it in reliance upon the probation department's misrepresentation.

In a letter dated July 7, 1995, or three days before the Harris County conviction, the Brazos County probation department requested that the appellant contact the Harris County probation department, where his probation had been transferred the previous year, as Harris County had agreed to continue the supervision of his probation. The letter also stated that if he had questions, he could contact the Brazos County probation department. The appellant now contends that he did not appeal his conviction because he was misled by this letter into thinking that his probation would not be jeopardized by the conviction. However, during the revocation hearing, the appellant's mother, Helen Johnson, testified that he did not appeal because she did not have the $500 or whatever sum of money was necessary to file the appeal.

We need not consider whether this letter was a misrepresentation or whether the

---

4. A person commits assault if the person (1) intentionally, knowingly, or recklessly causes bodily injury to another ...; (2) intentionally or knowingly threatens another with imminent bodily injury ...; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX.PENAL CODE ANN. § 22.01(a) (Vernon 1996).

court erroneously relied upon the appellant's conviction because there was sufficient evidence apart from the conviction to find that the appellant had committed the assault. The Court of Criminal Appeals has cautioned against the *exclusive* reliance upon evidence of conviction to support revocation. *Ross v. State*, 523 S.W.2d 402, 404 (Tex.Crim.App. 1975). The record does not indicate that the trial judge relied exclusively on the appellant's conviction in revoking the appellant's probation.[5]

Accordingly, we overrule points of error two and three.

---

**5.** The trial judge acknowledges in the record that six jurors found beyond a reasonable doubt that the appellant was guilty of assault. However, the trial judge also stated on the record that in making his decision, he could consider the testimony of the witnesses apart from the conviction.