NUMBER 13-01-138-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI-EDINBURG


 


EDWARDO BUENTELLA HAWKINS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 36th District Court of San Patricio County, Texas.


 


O P I N I O N



Before Justices Yañez, Castillo, and Garza


Opinion by Justice Yañez
 


 Edwardo Buentella Hawkins appeals from an order revoking his community
supervision that resulted in punishment of five years confinement for felony driving while
intoxicated. (1) We affirm.

Background

 On May 23, 1996, appellant entered an "open" plea of no contest to the felony of
driving while intoxicated. On June 24, 1996, the trial court found appellant guilty and set
punishment at five years confinement with a $2,000 fine. In that judgment, the trial court
granted appellant's application for community supervision and set forth twenty-nine
conditions for appellant to follow.

 On December 22, 1999, the State filed its first motion to revoke appellant's
community supervision, in which it alleged two violations. On January 10, 2000, the State
amended the motion to add another violation. The motion to revoke asserted appellant
had violated the following terms of his community supervision:

 Neither commit nor be convicted of any offense against the Laws of the State
of Texas, any other State or of the United States of America;


 Abstain from the consumption of alcohol in any form during the term of
Community Supervision;


 Report, within two Community Supervision and Correction Department
working days, any change of address, change of job or arrest to the
Supervision Officer of San Patricio County, Texas.


After a hearing on January 28, 2000, the trial court continued appellant's community
supervision but added two new conditions-sixty days confinement and a fine.

 On December 27, 2000, the State filed its second motion to revoke on grounds that
appellant had committed arson, a violation of the first condition of his community
supervision quoted above. After a hearing on January 19, 2001, the trial court revoked
appellant's community supervision and imposed the original five-year sentence. This
appeal ensued.

Applicable Law and Standard of Review

 A community supervision revocation proceeding is neither a criminal trial nor a civil
trial but rather an administrative hearing. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993). In a community supervision revocation hearing, the State need only prove its
allegations by a preponderance of the evidence. Herrera v. State, 951 S.W.2d 197, 199
(Tex. App.-Corpus Christi 1997, no pet.) (citing Cobb, 851 S.W.2d at 873). This standard
is met when the greater weight of the credible evidence creates a reasonable belief that
the defendant violated a condition of his probation as the State alleged. Johnson v. State,
943 S.W.2d 83, 85 (Tex. App.-Houston [1st Dist.] 1997, no pet.). In a revocation hearing,
the trial judge is the sole trier of the facts. Id. "The trial judge also determines the
credibility of the witnesses and the weight to be given to their testimony." Id.

 Appellate review of an order revoking community supervision is limited to a
determination of whether the court abused its discretion. Id. (citing Cardona v. State, 665
S.W.2d 492, 493-94 (Tex. Crim. App. 1984)). The trial court does not abuse its discretion
unless "it applies an erroneous legal standard, or when no reasonable view of the record
could support [its] conclusion under the correct law and the facts viewed in the light most
favorable to its legal conclusion." Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim.
App. 1996) (emphasis added).

Analysis

 By his second point of error, appellant contends the State failed to prove the
allegations of the motion to revoke by a preponderance of the evidence and there is a fatal
variance between its allegations and the proof offered at the hearing. We disagree.

 The allegation in the State's motion to revoke, which closely follows the language
of the penal code, states:

 On or about the 18th day of December, 1999, in the County of Jim Wells,
State of Texas, the said Edwardo Hawkins, did then and there, with intent to
damage and destroy a habitation located in Jim Wells County and State of
Texas, intentionally and knowingly start a fire to, or cause an explosion in,
said habitation by burning the habitation, knowing the said habitation was
within the city limits of an incorporated city or town namely Alice, Texas,
against the peace and dignity of the state. (2)


Appellant argues that the State's evidence fails to prove by a preponderance: (1) who
started the fire; (2) how the fire was started; (3) that the fire was started intentionally; and
(4) that the habitation was within the city limits of an incorporated city or town. We
disagree.

 Three witnesses (appellant, his wife, and an expert for the State) testified regarding
the four elements appellant challenges. As for the first three elements, appellant's wife
testified that appellant had threatened her shortly before the fire by saying he was going
to burn her, her house, her car, everything. She said she and appellant's grand-daughter
had gone to bed (not in the master bedroom) before the fire started. She stated she heard
appellant go in and out of the garage a few times. She said shortly thereafter she realized
the house was on fire when appellant came in to take their grand-daughter outside.

 Then, the State's expert witness testified, in his opinion, the fire was intentionally
set. He stated he believed the fire was started on or around the bed of the master
bedroom with an open flame device.

 Finally, appellant testified he could have accidentally started the fire by leaving
papers next to the stove while he was cooking. He stated he left the kitchen for a few
minutes to stomp out a few pieces of paper that had caught on fire, and when he returned
he saw large amounts of smoke.

 As for evidence regarding the last challenged element, that the habitation was within
the city limits of an incorporated city or town, the State's expert and appellant's wife
testified the fire occurred at an address within the city of Alice. The State's expert further
testified Alice was an incorporated city. Appellant himself testified he bought their home
in Alice.

 Appellant argues that the State's expert recanted his testimony on cross-examination. The following exchange took place between appellant's counsel and the
State's expert during cross-examination: 

 Q: Have you seen the city charter for the City of Alice to know where the
corporate lines are?


 A: As far as the city limit signs? No, sir.


 Q: No, not city, where the corporate lines of the city are --


 A: No, Sir.


 Q: So you don't know whether that house, from your personal knowledge,
was in an incorporated city or not, did (sic) you?

 

 A: No, sir.


This line of questioning does not speak to the element at issue, specifically whether or not
the habitation was within the city limits of an incorporated city or town. Instead, the
questioning concerns an ancillary issue-whether the State's expert had personal
knowledge of the corporate boundaries of Alice.

 Simply stated: on direct examination, the State's expert testified Alice is an
incorporated city; while on cross-examination, the same expert testified he did not have
personal knowledge as to whether the house was in an incorporated city or not. These
answers reveal only that the expert did not come by the knowledge of Alice's incorporation
on his own. The cross-examination does not negate the expert's answer on direct, as the
expert could have learned of Alice's incorporation through any number of sources other
than personally investigating the city charter.

 Furthermore, these answers do not negate the State's other testimonial evidence
that the habitation is within the city limits of Alice. The State established, through
appellant's wife and the expert, the fire took place in a habitation located in Alice.

 In sum, the testimony of the three witnesses reveals some evidence to rebut each
of appellant's challenges to the elements of arson proven by the State. Additionally, the
combination of the alleged threats and conflicting explanations by the State's expert and
appellant offer some evidence in support of the motion to revoke on grounds of arson. 
After examining the evidence in a light most favorable to the trial court's order, we hold that
the trial court did not abuse its discretion in revoking the appellant's community supervision
on the ground he committed the offense of arson. The testimony of the witnesses at the
revocation hearing is sufficient for the trial court, as the sole judge of the credibility of the
witnesses, to have found by a preponderance of the evidence every element of the offense
of arson, which was the basis for the revocation. Appellant's second point of error is
overruled.

 By his third point of error, appellant contends the revocation is based on legally
and/or factually insufficient evidence. Insofar as appellant's complaint urges a factual
sufficiency review under the standard enunciated in Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996), (3) we note that the Clewis standard does not apply to ancillary
proceedings such as community supervision revocation hearings. Johnson, 943 S.W.2d
at 85; Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.-Waco 1996, pet. ref'd). 
Thus, our review of the trial court's rulings, both as to the facts and the legal significance
of those facts, is limited to a determination of whether the trial court abused its discretion. 
Brumbalow, 933 S.W.2d at 300 (citing Dubose, 915 S.W.2d at 496). We already have held
that the trial court did not abuse its discretion in granting the motion to revoke. Appellant's
third point of error is also overruled.

 By his fifth point of error, appellant contends the trial court should have granted a
directed verdict or motion for new trial. We disagree.

 "On appeal, our review of the trial court's refusal to grant the motion [for directed
verdict] is limited to the specific grounds stated in the motion." American Petrofina Co. v.
Panhandle Pet. Prod., Inc., 646 S.W.2d 590, 593 (Tex. App.-Amarillo 1983, no writ); see
Cooper v. Lyon Fin. Servs., 65 S.W.3d 197, 207 (Tex. App.-Houston [14th Dist.] 2001, no
pet.). At the hearing, counsel stated, "At this time . . . I would move that based on the fact
that there is no evidence that Mr. Hawkins started the fire or anything else, that the Court
give us a directed verdict." We already have concluded it was within the trial court's
discretion to find some evidence that appellant started the fire. It was not error for the trial
court to deny the motion for directed verdict.

 The trial court's ruling on a motion for new trial "will not be disturbed on appeal in
the absence of a showing of an abuse of discretion." Director v. Evans, 889 S.W.2d 266,
268 (Tex. 1994). As grounds for this motion, appellant offers, "[t]he Judgment of
Conviction and Sentence imposed . . . should be set aside and a new trial granted as the
State . . . failed to prove, beyond a reasonable doubt, the guilt of the Defendant, either as
a matter of law or as a matter of fact, as alleged in the original indictment." However, at
a community supervision revocation hearing, the State need not prove the guilt of the
defendant as alleged in the original indictment. Rather, the State need only prove its
allegations by a preponderance of the evidence. Herrera, 951 S.W.2d at 199 (citing Cobb,
851 S.W.2d at 873).

 Appellant's motion for new trial attacks the State's evidence as to the original
indictment, a totally different matter than whether the State met its burden to prove its
motion to revoke. Appellant has asserted a burden of proof the State did not bear in
proving its motion to revoke. Apparently, after having his community supervision revoked,
appellant filed a motion for new trial in an attempt to challenge the earlier judgment five
years later. The trial court was correct in denying the motion for new trial. See Jordan v.
State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); Whetstone v. State, 786 S.W.2d 361,
363 (Tex. Crim. App. 1990) (regular probationers are generally prevented from attacking
the original plea in a revocation hearing). Appellant's fifth point of error is overruled.

 By his fourth point of error, appellant contends trial counsel was ineffective in
protecting his interests. Specifically, appellant points to trial counsel's failure to: (1)
challenge the testimony of the State's expert witness and; (2) show that appellant's wife,
Anita, testified untruthfully.

 Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. The defendant must first show that counsel's
performance was deficient, in that it fell below an objective standard of reasonableness. 
Thompson, 9 S.W.2d at 812. Second, the defendant must further prove there is a
reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different. Id. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id.

 The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating the effectiveness. Id.

 The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. at 813. There is a strong presumption that counsel's conduct
fell within the wide range of reasonable professional assistance. See Davis v. State, 930
S.W.2d 765, 767 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd). To defeat the
presumption of reasonable professional assistance, "any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

 Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel's representation fell below an objective standard of
reasonableness and the deficient performance prejudiced his defense. Here, the record
reflects, although counsel did not object to the State's expert's testimony during direct
examination, he did challenge the expert's opinions during cross-examination. Regarding
appellant's claim that counsel did not attempt to impeach appellant's wife, the record 
demonstrates otherwise. Counsel repeatedly questioned her about previous statements
she had made concerning appellant and the fire in question. Thus, the evidence is not
sufficient to rebut Strickland's presumption that the challenged action of trial counsel was
the result of "sound trial strategy." Strickland, 466 U.S. at 689. Appellant's fourth point of
error is overruled.

 In a related issue, by his first point of error, appellant contends the trial court erred
by allowing expert testimony that was not reliable, relevant, or sufficiently connected to the
facts. However, appellant failed to preserve any error for the court to review regarding the
admissibility of expert testimony. To preserve a complaint for appellate review, the record
must show that the complaint was made to the trial court by a timely objection. Tex. R.
App. P. 33.1(a)(1). At no time during the hearing on the motion to revoke appellant's
community supervision did trial counsel object to the admissibility of the State's expert's
testimony. Therefore, this point of error is waived.

 Appellant blames this failure to object on ineffective assistance from his trial
counsel. Having already concluded that appellant did not satisfy his burden to prove
counsel's ineffectiveness, this explanation does not operate to negate the waiver.

 We have considered all of appellant's points, and they are all overruled or waived. 
The judgment of the trial court is affirmed.


 

 LINDA REYNA YAÑEZ 

 Justice


Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the

13th day of March, 2003.
1. Tex. Pen. Code Ann. §§ 49.04, 49.09 (Vernon 2003).
2. The pertinent penal code section describes arson as when a person "starts a fire or causes an
explosion with intent to destroy or damage . . . any habitation . . . knowing that it is within the limits of an
incorporated city or town." Tex. Pen. Code Ann. § 28.02(a)(2)(A)(Vernon 2003).
3. The appellate court must review all of the evidence in a neutral light and set aside the verdict only
if the evidence is so weak as to be clearly wrong and manifestly unjust, or if the adverse finding is against the
great weight and preponderance of the available evidence. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).