In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00110-CV
______________________________

VEARNITA SUARETTE PATTON, Appellant
 
V.
 
DONALD DEAN BURTON, Appellee

                                              

On Appeal from the 276th Judicial District Court
Titus County, Texas
Trial Court No. 27402

                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross

MEMORANDUM OPINION

          Vearnita Suarette Patton, appellant, has filed a motion asking this Court to dismiss
this appeal. Pursuant to Tex. R. App. P. 42.1(a)(1), we grant the motion.
          We dismiss the appeal.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 20, 2004
Date Decided:         December 21, 2004

ailed to perform any of his
required community service for the month of November 2007. Stracener had several reasons to
justify his failure. First, he claimed the work was not completed because he was working for his
father to get the money to pay his fees. (2) However, he later stated the money to pay all November fees
was borrowed from his father, thus undermining that reason for not completing the November hours
of community service. Next, while Stracener admitted he could have performed community service
hours during the first three weeks of November, he saved the work for the last week and then became
sick. Stracener's father said he could not perform the required hours because he was "sick around
Thanksgiving" with "some kind of stomach virus." Stracener's community supervision officer and
counselor, Jerry Beare, recalled that although Stracener's wife called to report he was ill in December,
he did not appear to be sick in November during the required Tuesday meetings. Offering a third
explanation, Stracener claimed supervision officer Joseph Flemens excused his November hours and
gave him an opportunity to make up the community service later in the year. Flemens testified he had
no authority to modify the trial court's order.

 Undisputed evidence demonstrated Stracener failed to pay the Crimestopper fee within sixty
days of the order of community supervision, even though he had the financial means to do so. As a
defense, Stracener claimed that he tried to pay the Crimestopper fee three times, but that the clerk
would not accept the money, gave it back to him, and told him he did not owe it. She finally accepted
the money, after the end of the sixty-day time frame mandated by the court. On cross-examination,
Stracener admitted that he knew the clerk would have taken the money and applied it to another
payment even if he had overpaid. 

 Next, over objections that polygraph results were inadmissible, undisputed evidence of failure,
including Stracener's admission that "I have never been able to pass [a polygraph test] so far" was
admitted. To provide justification, Stracener said he failed the last polygraph test because the
examiner upset him when he "jumped up at me and started, you know, raking me over the coals about
the way I looked at him." 

 Finally, with respect to the requirement to complete counseling, the trial court heard
undisputed evidence that Stracener was unfavorably discharged. He was required to attend class
every Tuesday night unless there was a conflict. Beare testified that Stracener "from day one, has
failed to engage in the therapeutic process . . . . There was one incident in which he showed up with
a tape recorder trying to record the meeting." Beare required Stracener to sign a waiver of
confidentiality that would allow him to speak with family members, employers, and neighbors. Even
after explaining that Beare would have to discharge him unless the confidentiality waiver was signed,
Stracener refused to sign. As a result, Stracener was unfavorably discharged from counseling. Beare
also declared Stracener's "participation was adversarial. He was not wanting to cooperate but rather 
- -it was my belief that Mr. Stracener would rather destroy or bring down the group than to be a
recipient of the benefits of the group." Beare had never seen that level of resistance to the program. 

 We review a decision to adjudicate guilt as we review a decision to revoke community
supervision. (3) Tex. Code Crim. Proc. Ann. art 42.12, 5(b) (Vernon Supp. 2009). While a decision
to revoke community supervision rests within the discretion of the trial court, it is not absolute. In
re T.R.S., 115 S.W.3d 318, 320 (Tex. App.--Texarkana 2003, no pet.). To revoke community
supervision, the State must prove every element of at least one ground for revocation by a
preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, 10 (Vernon Supp. 2009);
T.R.S., 115 S.W.3d at 320; Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.--Houston [1st Dist.]
1997, no pet.). "'Preponderance of the evidence' has been defined as the greater weight and degree
of credible testimony." T.R.S., 115 S.W.3d at 320. In other words, if the greater weight of credible
evidence in this case created a reasonable belief that Stracener violated a condition of community
supervision, the standard was met. Id. at 321 (citing Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex.
Crim. App. [Panel Op.] 1981).

 In a revocation hearing, the trial court is the sole trier of the facts and determines the
credibility of the witnesses and the weight to be given to the testimony. T.R.S., 115 S.W.3d at 321;
Lee v. State, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85. 
The court may accept or reject any or all of a witness' testimony. T.R.S., 115 S.W.3d at 321 (citing
Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)).

 Considering the unique nature of a revocation hearing and the trial court's broad discretion in
the proceedings, the general standards for reviewing factual sufficiency do not apply. Pierce v. State,
113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet. ref'd). Instead, we review the trial court's
decision regarding community supervision revocation for an abuse of discretion, and examine the
evidence in a light most favorable to the trial court's order. T.R.S., 115 S.W.3d at 321; Pierce, 113
S.W.3d at 436 (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). 
Thus, if the greater weight of credible evidence creates a reasonable belief that a defendant has
violated a condition of his or her community supervision, the trial court's order of revocation did not
abuse its discretion and must be upheld. Pierce, 113 S.W.3d at 436 (citing Scamardo v. State, 517
S.W.2d 293, 298 (Tex. Crim. App. 1974). If the State's proof is sufficient to prove any one of the
alleged community supervision violations, the revocation should be affirmed. T.R.S., 115 S.W.3d at
321 (citing Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.--Texarkana 1995, pet. ref'd)).

 An award of community supervision is not a right, but a contractual privilege entered into
between a court and a defendant. Speth v. State, 6 S.W.3d 530, 533-34 (Tex. Crim. App. 1999). For
this reason, the law is well settled that conditions of community supervision not objected to are
affirmatively accepted as terms of the contract. Id. at 534-35; Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999); Vale v. State, 486 S.W.2d 370 (Tex. Crim. App. 1972). Since
Stracener did not object to the conditions requiring him to pay the Crimestopper fee and perform
community service according to the schedule ordered by the court, he was bound to perform them or
be subject to adjudication.

 Flemens testified Stracener failed to pay the Crimestopper fee within sixty days of the order
of community supervision and also failed to complete the required sixteen hours of community
service for November 2007. Stracener did not contest this fact. Instead, he provided several reasons
to justify his noncompliance with the court's order. Since the trial court was the sole trier of the facts
and credibility, he was free to reject all of Stracener's testimony as incredible excuses. T.R.S., 115
S.W.3d at 321; Johnson, 943 S.W.2d at 85. Reviewing the evidence in a light most favorable to the
verdict, we conclude the record is sufficient to support a trial court's reasonable belief that Stracener
violated either of these conditions of community supervision. Thus, we cannot say the trial court
abused its discretion or acted without reference to guiding rules and principles. The order of
adjudication must be upheld. (4)

 We affirm the trial court's judgment.

 Josh R. Morriss, III

 Chief Justice

Date Submitted: September 16, 2009

Date Decided: October 21, 2009

Do Not Publish
1. Stracener has been sentenced to twelve years' imprisonment and ordered to pay a $1,000.00
fine. 
2. Stracener has worked for his father repairing pallets since 2006, without paying income
taxes. He took home about $300.00 per week. 
3. Thus, all standards will be discussed in terms of revocation of community supervision. 
4. Because the above violations are dispositive of Stracener's appeal, we expressly do not
address, and we should not be read as approving, the amendment of Stracener's conditions of
community supervision, without a hearing, to include sex-offender terms.