

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00045-CR

_____

RUSSELL LYNN STRACENER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0719499

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Russell Lynn Stracener had previously been placed on deferred adjudication community supervision under a plea agreement that provided for three charges of indecency with a child to be reduced to a single plea of guilty to a charge of mental injury to a child. Stracener has now been adjudicated guilty by the trial court.[1] On appeal, Stracener asserts that the evidence was not legally and factually sufficient to support the finding that he violated conditions of his community supervision and that two conditions later were improperly added to his community supervision—passing periodic polygraph tests and successfully completing counseling as a sex offender.

Stracener does not dispute the State's allegation that he failed to timely perform the two unquestionably valid conditions of his community supervision—doing sixteen hours of community service during November 2007 and timely paying a $50.00 Crimestoppers fee. Instead, he offers explanations of why he did not comply with those terms.

Because of Stracener's lack of community service in November 2007 and his failure to timely pay the Crimestoppers fee, we will affirm the judgment of the trial court without addressing or endorsing the subsequently added terms concerning polygraph examinations and sex offender counseling.

---

[1]Stracener has been sentenced to twelve years' imprisonment and ordered to pay a $1,000.00 fine.

*Background*

Stracener's original terms of community supervision required him to "[p]erform 240 hours of community service work at the rate of 16 hours per month,"[s]ubmit to and pass . . . polygraph testing at the request of the CSO/field officer," and "[p]ay a one time crimestoppers fee of $50.00 within 60 days of the date of this order through the CSCD."  Stracener received the order containing these conditions, stated he had no questions about the requirements, affirmed that he understood them, could live up to them, and signed the order imposing the conditions.

Shortly thereafter, and without a hearing, the trial court amended Stracener's conditions of supervision.  These conditions, apparently motivated by the sex offenses that were dismissed under the plea agreement, required Stracener to "attend, actively participate, and successfully complete psychological counseling with a State Licensed Sex Offender Treatment Provider and pay all associated costs."  Stracener received the amended conditions of supervision, but wrote "refused" on his signature line because he did not agree with the amendment.  Nevertheless, he attended and paid for counseling.

A few months later, the State filed a motion to proceed with adjudication of guilt based on Stracener's failure to perform community service in November 2007, pay the Crimestopper fee on time, and pass the polygraph examination.  The motion also claimed that he violated the amended condition of community supervision because he was unfavorably discharged from sex-offender counseling.  Stracener filed a motion to quash the proceeding, claiming that the polygraph results

3

were inadmissible and that the unilateral and after-the-fact amendment of his community supervision conditions was illegal. He also argued that he was prevented from timely paying the Crimestopper fee by the clerk and that his community service was not completed because he was required to attend and pay for counseling and because he was sick.

With respect to the condition requiring community service work at the rate of sixteen hours per month, the trial court heard undisputed evidence that Stracener failed to perform any of his required community service for the month of November 2007. Stracener had several reasons to justify his failure. First, he claimed the work was not completed because he was working for his father to get the money to pay his fees.[2] However, he later stated the money to pay all November fees was borrowed from his father, thus undermining that reason for not completing the November hours of community service. Next, while Stracener admitted he could have performed community service hours during the first three weeks of November, he saved the work for the last week and then became sick. Stracener's father said he could not perform the required hours because he was "sick around Thanksgiving" with "some kind of stomach virus." Stracener's community supervision officer and counselor, Jerry Beare, recalled that although Stracener's wife called to report he was ill in December, he did not appear to be sick in November during the required Tuesday meetings. Offering a third explanation, Stracener claimed supervision officer Joseph Flemens excused his November hours and

---

[2]Stracener has worked for his father repairing pallets since 2006, without paying income taxes. He took home about $300.00 per week.

gave him an opportunity to make up the community service later in the year. Flemens testified he had no authority to modify the trial court's order.

Undisputed evidence demonstrated Stracener failed to pay the Crimestopper fee within sixty days of the order of community supervision, even though he had the financial means to do so. As a defense, Stracener claimed that he tried to pay the Crimestopper fee three times, but that the clerk would not accept the money, gave it back to him, and told him he did not owe it. She finally accepted the money, after the end of the sixty-day time frame mandated by the court. On cross-examination, Stracener admitted that he knew the clerk would have taken the money and applied it to another payment even if he had overpaid.

Next, over objections that polygraph results were inadmissible, undisputed evidence of failure, including Stracener's admission that "I have never been able to pass [a polygraph test] so far" was admitted. To provide justification, Stracener said he failed the last polygraph test because the examiner upset him when he "jumped up at me and started, you know, raking me over the coals about the way I looked at him."

Finally, with respect to the requirement to complete counseling, the trial court heard undisputed evidence that Stracener was unfavorably discharged. He was required to attend class every Tuesday night unless there was a conflict. Beare testified that Stracener "from day one, has failed to engage in the therapeutic process . . . . There was one incident in which he showed up with a tape recorder trying to record the meeting." Beare required Stracener to sign a waiver of

confidentiality that would allow him to speak with family members, employers, and neighbors. Even after explaining that Beare would have to discharge him unless the confidentiality waiver was signed, Stracener refused to sign. As a result, Stracener was unfavorably discharged from counseling. Beare also declared Stracener's "participation was adversarial. He was not wanting to cooperate but rather - -it was my belief that Mr. Stracener would rather destroy or bring down the group than to be a recipient of the benefits of the group." Beare had never seen that level of resistance to the program.

We review a decision to adjudicate guilt as we review a decision to revoke community supervision.[3] TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(b) (Vernon Supp. 2009). While a decision to revoke community supervision rests within the discretion of the trial court, it is not absolute. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). To revoke community supervision, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10 (Vernon Supp. 2009); *T.R.S.*, 115 S.W.3d at 320; *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.). "'Preponderance of the evidence' has been defined as the greater weight and degree of credible testimony." *T.R.S.*, 115 S.W.3d at 320. In other words, if the greater weight of credible evidence in this case created a reasonable belief that Stracener violated a condition of community supervision, the standard was met. *Id.* at 321 (citing *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981).

---

[3]Thus, all standards will be discussed in terms of revocation of community supervision.

In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to the testimony. *T.R.S.*, 115 S.W.3d at 321; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.); *Johnson*, 943 S.W.2d at 85. The court may accept or reject any or all of a witness' testimony. *T.R.S.*, 115 S.W.3d at 321 (citing *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)).

Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion, and examine the evidence in a light most favorable to the trial court's order. *T.R.S.*, 115 S.W.3d at 321; *Pierce*, 113 S.W.3d at 436 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). Thus, if the greater weight of credible evidence creates a reasonable belief that a defendant has violated a condition of his or her community supervision, the trial court's order of revocation did not abuse its discretion and must be upheld. *Pierce*, 113 S.W.3d at 436 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). If the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

An award of community supervision is not a right, but a contractual privilege entered into between a court and a defendant. *Speth v. State*, 6 S.W.3d 530, 533–34 (Tex. Crim. App. 1999). For

this reason, the law is well settled that conditions of community supervision not objected to are affirmatively accepted as terms of the contract. *Id.* at 534–35; *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Vale v. State*, 486 S.W.2d 370 (Tex. Crim. App. 1972). Since Stracener did not object to the conditions requiring him to pay the Crimestopper fee and perform community service according to the schedule ordered by the court, he was bound to perform them or be subject to adjudication.

Flemens testified Stracener failed to pay the Crimestopper fee within sixty days of the order of community supervision and also failed to complete the required sixteen hours of community service for November 2007. Stracener did not contest this fact. Instead, he provided several reasons to justify his noncompliance with the court's order. Since the trial court was the sole trier of the facts and credibility, he was free to reject all of Stracener's testimony as incredible excuses. *T.R.S.*, 115 S.W.3d at 321; *Johnson*, 943 S.W.2d at 85. Reviewing the evidence in a light most favorable to the verdict, we conclude the record is sufficient to support a trial court's reasonable belief that Stracener violated either of these conditions of community supervision. Thus, we cannot say the trial court abused its discretion or acted without reference to guiding rules and principles. The order of adjudication must be upheld.[4]

---

[4]Because the above violations are dispositive of Stracener's appeal, we expressly do not address, and we should not be read as approving, the amendment of Stracener's conditions of community supervision, without a hearing, to include sex-offender terms.

We affirm the trial court's judgment.


                                                    Josh R. Morriss, III
                                                    Chief Justice

Date Submitted:        September 16, 2009
Date Decided:          October 21, 2009

Do Not Publish