In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00149-CR


______________________________




CURLEY HAWTHORNE JEFFERSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. F13,905




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Curley Hawthorne Jefferson pled guilty to evading arrest with a vehicle, a charge of which
he had also been previously convicted. He was found guilty by the trial court and was sentenced to
four years' confinement in the penitentiary. Jefferson's sentence was suspended, and he was placed
on community supervision for a period of four years. 

 Alleging Jefferson intentionally and knowingly possessed cocaine and was in unlawful
possession of a firearm, the State moved to revoke his community supervision for violation of the
terms to commit no offense, perform 160 hours of community service at not less than twelve hours
per month, pay court assessed fees at the rate of twenty dollars per month, and attend and complete
a life skills class. The trial court revoked Jefferson's community supervision and imposed the
suspended sentence. 

 Jefferson appeals on the grounds that the trial court erroneously denied his motion to
suppress evidence of the cocaine and firearm and that the evidence was insufficient to revoke his
community supervision. We overrule both points of error. 

I. Probable Cause Existed to Issue a Warrant for Jefferson's Arrest

 Jefferson complains that the description contained within the affidavit for search and arrest
warrant was insufficient for the magistrate to "conclude that there was a fair probability that
contraband would be found at that location." The "issuing magistrate's decision to grant the search
warrant" should be reviewed with a deferential standard of review. Davis v. State, 202 S.W.3d 149
(Tex. Crim. App. 2006); Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). 
Warrants should not be invalidated through "'hypertechnical' interpretation of their supporting
affidavits." Id. (citing Illinois v. Gates, 462 U.S. 213, 236 (1983)). With the deferential standard
in mind, we will sustain the issuance of the warrant if the magistrate had a substantial basis for
concluding that a search would uncover evidence of wrongdoing. Id. (citing Gates, 462 U.S. 236).

 To justify the issuance of a search warrant, the supporting affidavit must set forth facts
sufficient to establish probable cause: 

 (1) that a specific offense has been committed, (2) that the specifically described
property or items that are to be searched for or seized constitute evidence of that
offense or evidence that a particular person committed that offense, and (3) that the
property or items constituting evidence to be searched for or seized are located at or
on the particular person, place, or thing to be searched. 


Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2009). The magistrate is authorized to
draw reasonable inferences from the affidavit. Wilson v. State, 98 S.W.3d 265, 271 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). Examining only the four corners of the affidavit, we
look to the totality of the circumstances to determine whether the facts set forth are adequate to
establish probable cause. Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996); Massey
v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Elardo v. State, 163 S.W.3d 760, 763 (Tex.
App.--Texarkana 2005, pet. ref'd).

 The affidavit attached to the search warrant specifically named Jefferson and his son and
described the residence to be searched as a

 yellow frame wooden single family dwelling with composite shingle roof, front door
facing west. West of US highway 59, cross the railroad tracks turn left on C. Box rd,
also known as CR 3243, travel .6/10th of a mile. Residence will be located on the
left side of the roadway approximately 100 yards up a driveway behind a one rail
gate. (1) 


The affidavit stated that illegal substances were at the residence of Jefferson based on information
from a confidential informant who had provided reliable information on several occasions. The
informant advised the officer that he observed controlled substances (cocaine, crack cocaine,
marihuana and Xanax pills) at the residence controlled by Jefferson and his son on March 25, 2009
(the day before the affidavit was signed). The informant further stated that Jefferson made a weekly
run to Dallas to purchase narcotics, that he had observed Jefferson with a pistol stuck in his belt at
the residence, and that he was present at a residence where controlled substances were observed on
numerous occasions within the month. The affidavit also informed the magistrate that the residence
was under surveillance. 

 Jefferson does not attack the veracity of the informant or the basis of the informant's
knowledge; instead, he argues that the information provided does not provide the magistrate with
sufficient information to conclude there was a fair probability that contraband would be found at that
location because the affidavit does not state: 

 1) that the informant was ever in the residence as opposed to "at" the
residence; 2) where the controlled substances were seen or kept on the premises on
any occasion; 3) any reason for the magistrate to conclude that the substances were
in the residence when he issued the search warrant, i.e. the substances were kept in
a cabinet or somewhere else; 4) the results of the surveillance set up by the officers
and referred to in the affidavit; 5) any factual basis for the conclusion that Appellant
went  to  Dallas  weekly  to  purchase  controlled  substance  for  sale  at  the
residence; 6) and when the informant saw Appellant in possession of the pistol.


 We reject Jefferson's contentions. The key fact is the observation of the substances, not the
wording of whether the informant was "in" or "at" the residence. Recent personal observation of
illegal substances at a residence occupied by the defendant is sufficient information to allow the
magistrate to conclude that the substances could be found at the described residence. The facts set
forth in the affidavit provided a substantial basis for the magistrate to conclude that a search of the
residence would uncover evidence of wrongdoing. 

 A trial court's decision to grant or deny a motion to suppress is generally reviewed under an
abuse of discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Maysonet v. State, 91 S.W.3d 365, 369 (Tex.
App.--Texarkana 2002, pet. ref'd). Because we have determined the affidavit was sufficient and
the warrant was properly issued, we overrule Jefferson's point of error. 

II. The Evidence Was Sufficient to Revoke Jefferson's Community Supervision

 While the decision to revoke community supervision rests within the discretion of the trial
court, it is not absolute. In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.--Texarkana 2003, no pet.). 
To revoke community supervision, the State must prove every element of at least one ground for
revocation by a preponderance of the evidence. T.R.S., 115 S.W.3d at 320; Johnson v. State, 943
S.W.2d 83, 85 (Tex. App.--Houston [1st Dist.] 1997, no pet.). "'Preponderance of the evidence'
has been defined as the greater weight and degree of credible testimony." T.R.S., 115 S.W.3d at 320. 
In other words, if the greater weight of credible evidence in this case created a reasonable belief that
Jefferson violated any condition of community supervision, the standard was met. Id. at 321 (citing
Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)). 

 Considering the unique nature of a revocation hearing and the trial court's broad discretion
in the proceedings, the general standards for reviewing factual sufficiency do not apply. Pierce v.
State, 113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet. ref'd). Instead, we review the trial
court's decision regarding revocation for an abuse of discretion, and examine the evidence in a light
most favorable to the trial court's order. T.R.S., 115 S.W.3d at 321; Pierce, 113 S.W.3d at 436
(citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). Thus, if the greater weight
of credible evidence creates a reasonable belief a defendant has violated a condition of his or her
community supervision, the trial court's order of revocation did not abuse discretion and must be
upheld. Pierce, 113 S.W.3d at 436 (citing Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim.
App. 1974)). If the State's proof is sufficient to prove any one of the alleged community supervision
violations, the revocation should be affirmed. T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900
S.W.2d 348, 351 (Tex. App.--Texarkana 1995, pet. ref'd)).

 When the warrant was executed, 22.4 grams of powder cocaine, a magazine for a gun, and
digital scales with cocaine residue were located in Jefferson's room where he was sleeping. Five
bags of powder cocaine weighing 1.52 grams, marihuana, hydrocodone, and a pistol with bullets
were recovered in or under the couch in the living room where another man was sleeping. The
magazine in Jefferson's room fit the gun found in the living room. Jefferson's community
supervision officer testified he was "48 hours in arrear[s] [on community service hours] as of the
time of the filing of the motion" to revoke. Additionally, Jefferson failed to attend life skills class
and, despite numerous warnings, had failed to pay costs for four months, amounting to a total
arrearage of $80.00. 

 Testifying in his defense at the hearing, Jefferson denied that the home searched was his or
that the pistol and drugs belonged to him. He also denied having funds to make the payments
required under the terms of his community supervision or attend the life skills course. Finally,
Jefferson claimed he was unable to perform the community service hours for four months because
he had to spend time with his children on weekends. However, the record demonstrates Jefferson
worked for himself in the car stereo business, and there is nothing establishing his community
service hours for Meals on Wheels could only be performed on weekends. 

 Further, the evidence revealed that Jefferson had filed a motion in the trial court claiming that
the thirty-six items of personal property taken during the search and listed on the inventory were his
property, which he requested the court to order delivered back to him. 

 In a revocation hearing, the trial judge is the sole trier of the facts and determines the
credibility of the witnesses and the weight to be given to the testimony. T.R.S., 115 S.W.3d at 321;
Lee v. State, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.); Johnson, 943 S.W.2d at 85. 
The judge may accept or reject any or all of a witness' testimony. T.R.S., 115 S.W.3d at 321 (citing
Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)). In this case, since the trial judge
was the sole trier of the facts and credibility, he was free to reject all of Jefferson's testimony as
incredible excuses. T.R.S., 115 S.W.3d at 321; Johnson, 943 S.W.2d at 85.

 Reviewing the evidence in a light most favorable to the verdict, we conclude the record is
sufficient to support the trial judge's reasonable belief by a preponderance of the evidence that
Jefferson committed the offense of possession of a controlled substance as alleged in the motion to
revoke. Drugs, a gun magazine, and digital scales were all located in close proximity to Jefferson
in the room in which he was sleeping. Jefferson acknowledged ownership of many items of personal
property seized in the home. This evidence is sufficient to establish the requisite linkage of Jefferson
with the illegal substance. The evidence, coupled with reasonable inferences, is sufficient to
establish that Jefferson exercised actual care, custody, control, or management of the cocaine under
the bed in which he was sleeping. See Evans v. State, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

 Additionally, the evidence was sufficient for the court to determine Jefferson violated the
community supervision terms requiring him to complete community service at a rate of twelve hours
per month. Thus, we cannot say the trial court abused its discretion or acted without reference to
guiding rules and principles in revoking Jefferson's community supervision. The order of revocation
is upheld.

III. Conclusion 

 We affirm the judgment of the trial court revoking Jefferson's community supervision. 




 Jack Carter

 Justice


Date Submitted: November 18, 2009

Date Decided: December 11, 2009


Do Not Publish

1. Although Jefferson challenged the description of the residence at trial, his briefing to this
Court does not.