NO.  07-09-0155-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 22, 2010

___________________________

 

KENNETH RAY WILLIAMS,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

___________________________

 

FROM THE 181ST
DISTRICT COURT OF RANDALL COUNTY;

 

NO. 19790-B;
HONORABLE JOHN BOARD, JUDGE

____________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Kenneth
Ray Williams, appeals the order revoking his community supervision.  We affirm.

Background

            On
May 28, 2008, appellant pled guilty to the offense of possession of a
controlled substance in an amount under one gram in a drug free zone.   The trial court deferred adjudication and
placed appellant on community supervision for a period of ten years.  Among the conditions of community
supervision, appellant was to:

Report to the supervision officer as
directed by the Court or supervision officer, but at least once each calendar
month . . .

 

Remain within a specified place to-wit: the
confines of Potter, Randall, and Armstrong Counties of the State of Texas
during the term of supervision except by written permission of the Court, . . .

 

Complete 250 hours of Community Service
Restitution at the direction of the Community Supervision and Corrections
Department at the rate of 8 hours per month to begin immediately.

 

On September 25, the Community Supervision
and Corrections Department filed a Motion to Revoke Order Granting Unadjudicated Probation contending that appellant had
violated the above conditions of probation.  
At a hearing held on April 29, 2009, the State called appellant’s
current supervision officer to authenticate the business records of the
community supervision department.  Upon
the admission of the records, the trial court allowed the supervision officer,
over appellant’s objection of hearsay, to testify that the department’s records
demonstrated that appellant had failed to report for the months of June, July,
and August of 2009, had left the specified geographic area, and failed to
complete the Community Service Restitution at the rate specified.  

            After
the State rested, appellant testified during appellant’s case-in-chief.   Although appellant did not deny any of the
alleged violations, appellant contended that he misunderstood the conditions of
community supervision, notwithstanding the copy of the community supervision
rules signed by appellant and given to him at the time of his original plea on
May 28, 2008.  Specifically, appellant
stated that he personally entered the community supervision office to make his
community supervision payments in June, July, and August believing, at the
time, that this fulfilled the monthly reporting requirement.  However, appellant never met with his supervision
officer.  Appellant also stated that he
believed that he could leave the geographically restricted area for work
purposes without prior approval and did not deny that he had gone to Dalhart
which is not located in Potter, Randall or Armstrong counties of the State of
Texas.  Finally, appellant admitted that
he had not performed any community service hours but believed that his monetary
and property donations to the Goodwill, Salvation Army, and a local food bank
were allowable substitutes for actual performance of community service.   However, appellant did not provide the trial
court with any receipts or other proof that he had made the donations.  Appellant appeals the trial court’s ruling
overruling his objection to the supervision officer’s testimony regarding the
admitted records and the trial court’s decision to allow the testimony of
appellant’s supervision officer. 
Appellant contends that the judgment of the trial court should be
reversed and the case remanded to the trial court.

Law and Analysis

A community supervision revocation
proceeding is neither a criminal nor a civil trial, but is rather an
administrative proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.
1993). The State must prove by a preponderance of the evidence that a
defendant violated the terms of his community supervision.  See id.  The decision to proceed to adjudication of
guilt is reviewable in the same manner as a revocation of ordinary community
supervision.  Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.
2009).  In an order revoking
community supervision, our review is limited to determining whether the trial
court abused its discretion.  See Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.
1984).  In a community supervision revocation
hearing, an abuse of discretion occurs when the trial judge's decision was so
clearly wrong as to lie outside that zone within which reasonable persons might
disagree.  See Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref’d).  The evidence is viewed in the light most
favorable to the trial court's order.  Johnson v. State, 943 S.W.2d 83, 85 (Tex.App.–Houston
[1st Dist.]1997, no pet.); see also Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1972).   However, even if error is found, the
appellate court must analyze the error to determine harm.  See Tex.
R. App. P. 44.2.  Any
non-constitutional error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded. 
Tex. R. App. P. 44.2(b); see
also Randon v. State, No.
06-01-00185-CR, 2003 Tex.App.LEXIS 2067, at *3 (Tex.App.—Texarkana March 10, 2003, no pet.) (not designated for publication)

            Assuming
without deciding that the trial court erred in allowing the testimony of the
community supervision officer, we conclude that the admitted chronological
records of the community supervision office provided sufficient evidence to
support the trial court’s decision to adjudicate appellant and sentence him.  In this case, it is undisputed that appellant
violated the terms of his community supervision.  Although, appellant testified that he
misunderstood the conditions, the State established through appellant’s
testimony that a community supervision officer was present at the hearing
wherein appellant’s plea was deferred and he was placed on community
supervision.   Further, the State
established by the introduction of the “Chronological Record of Contacts”  that the officer
“read and explained all the terms of the order to the def[endant]
and def[endant] stated and signed that he understood
all the terms of the order.”  Therefore,
even if the trial court erred in admitting the testimony of the community
supervision officer, the trial court had sufficient evidence to proceed with the
adjudication and sentencing of appellant. 
We affirm the trial court’s judgment.

Conclusion

            Having
found that the trial court’s ruling on the admissibility of the community
supervision officer, even if erroneous, was harmless, we affirm.  

 

            

 

                                                                                                Mackey
K. Hancock

Justice

 

 

 

 

Do not publish.