NO. 07-09-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2010
_____

KENNETH RAY WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19790-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Kenneth Ray Williams, appeals the order revoking his community supervision. We affirm.

Background

On May 28, 2008, appellant pled guilty to the offense of possession of a controlled substance in an amount under one gram in a drug free zone. The trial court deferred adjudication and placed appellant on community supervision for a period of ten years. Among the conditions of community supervision, appellant was to:

Report to the supervision officer as directed by the Court or supervision officer, but at least once each calendar month . . .

Remain within a specified place to-wit: the confines of Potter, Randall, and Armstrong Counties of the State of Texas during the term of supervision except by written permission of the Court, . . .

Complete 250 hours of Community Service Restitution at the direction of the Community Supervision and Corrections Department at the rate of 8 hours per month to begin immediately.

On September 25, the Community Supervision and Corrections Department filed a Motion to Revoke Order Granting Unadjudicated Probation contending that appellant had violated the above conditions of probation. At a hearing held on April 29, 2009, the State called appellant's current supervision officer to authenticate the business records of the community supervision department. Upon the admission of the records, the trial court allowed the supervision officer, over appellant's objection of hearsay, to testify that the department's records demonstrated that appellant had failed to report for the months of June, July, and August of 2009, had left the specified geographic area, and failed to complete the Community Service Restitution at the rate specified.

After the State rested, appellant testified during appellant's case-in-chief. Although appellant did not deny any of the alleged violations, appellant contended that he misunderstood the conditions of community supervision, notwithstanding the copy of the community supervision rules signed by appellant and given to him at the time of his original plea on May 28, 2008. Specifically, appellant stated that he personally entered the community supervision office to make his community supervision payments in June, July, and August believing, at the time, that this fulfilled the monthly reporting

2

requirement. However, appellant never met with his supervision officer. Appellant also stated that he believed that he could leave the geographically restricted area for work purposes without prior approval and did not deny that he had gone to Dalhart which is not located in Potter, Randall or Armstrong counties of the State of Texas. Finally, appellant admitted that he had not performed any community service hours but believed that his monetary and property donations to the Goodwill, Salvation Army, and a local food bank were allowable substitutes for actual performance of community service. However, appellant did not provide the trial court with any receipts or other proof that he had made the donations. Appellant appeals the trial court's ruling overruling his objection to the supervision officer's testimony regarding the admitted records and the trial court's decision to allow the testimony of appellant's supervision officer. Appellant contends that the judgment of the trial court should be reversed and the case remanded to the trial court.

## Law and Analysis

A community supervision revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. See id. The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2009). In an order revoking community supervision, our review is limited to determining whether the trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In a community supervision revocation

3

hearing, an abuse of discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. See Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref'd). The evidence is viewed in the light most favorable to the trial court's order. Johnson v. State, 943 S.W.2d 83, 85 (Tex.App.–Houston [1st Dist.]1997, no pet.); see also Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1972). However, even if error is found, the appellate court must analyze the error to determine harm. See TEX. R. APP. P. 44.2. Any non-constitutional error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); see also Randon v. State, No. 06-01-00185-CR, 2003 Tex.App.LEXIS 2067, at *3 (Tex.App.—Texarkana March 10, 2003, no pet.) (not designated for publication)

Assuming without deciding that the trial court erred in allowing the testimony of the community supervision officer, we conclude that the admitted chronological records of the community supervision office provided sufficient evidence to support the trial court's decision to adjudicate appellant and sentence him. In this case, it is undisputed that appellant violated the terms of his community supervision. Although, appellant testified that he misunderstood the conditions, the State established through appellant's testimony that a community supervision officer was present at the hearing wherein appellant's plea was deferred and he was placed on community supervision. Further, the State established by the introduction of the "Chronological Record of Contacts" that the officer "read and explained all the terms of the order to the def[endant] and def[endant] stated and signed that he understood all the terms of the order." Therefore, even if the trial court erred in admitting the testimony of the community supervision

4

officer, the trial court had sufficient evidence to proceed with the adjudication and sentencing of appellant. We affirm the trial court's judgment.

## Conclusion

Having found that the trial court's ruling on the admissibility of the community supervision officer, even if erroneous, was harmless, we affirm.

Mackey K. Hancock
Justice

Do not publish.